Reported in full in 14 Abb. Pr. N. S. 91.

JOHN O'DONNELL <em>v.</em> JOSEPH H. ROSENBERG.

(<em>Decided in January,</em> 1873.)

Under the mechanics' lien law for the city of New York (Laws of 1863, ch. 500, § 11), by which the lien ceases after the expiration of one year, unless renewed; *Held,* that a judgment in an action to foreclose the lien, ordering the property to be sold, was invalid if rendered more than a year after the filing of the lien, and without a renewal of it, and would be reversed on appeal, although the objection was not raised on the trial, and no motion had been made to vacate the judgment.

*It seems* that, as in the case of liens by judgment, the actual sale must occur, and the acquisition of a title by a purchaser be effected before the expiration of the lien.

The cessation or expiration of the lien is not a subject of defense to be set up and proved by the owner, but its continuance is the only basis of any judgment *in rem* of foreclosure and sale.

A clause in a building contract provided that any neglect to comply with the conditions of the contract, &c., should be sufficient cause for the employer to claim damages at the rate of ten dollars for each day's detention so caused; *Held,* that this was a covenant for stipulated damages, and the employer was entitled to recover at that rate for delay occurring without his contributory negligence or consent.

APPEAL by defendant from a judgment in an action to foreclose a mechanics' lien.

*Stephen H. Olin,* for appellant.

*Dennis McMahon,* for respondents.

Opinion of the court † by ROBINSON, J.

Judgment reversed.

Reported in full in 14 Abb. Pr. 59.

* Present, DALY, Ch. J., ROBINSON, and LOEW, JJ.

† Present, DALY, Ch. J., ROBINSON, and LARREMORE, JJ.